UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ORLANDO BISPO,

                 Plaintiff,

                 -against-

P.O. JOSEPH CURATOLO; P.O. ALSAM ROSS,
ALL STRAWMEN OF SHERIFF ON DUTY FROM
RECIPT#25-01335, and ALL STRAWMEN OF
D.C.W.P.,

                 Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-00332 (OEM) (LKE)

ORELIA E. MERCHANT, United States District Judge:

On January 20, 2025, *pro se* plaintiff Orlando Bispo ("Plaintiff") filed a purported "Notice of Removal" with a form complaint for a civil action. *See generally* Complaint for a Civil Case, Dkt. 1 ("Complaint" or "Compl."); Notice of removal remanded correction fundamental element missing from original complaint pursuant to title 28 USCA subsection 1455 pursuant to a title 28 USCA subsection 1441, title 42 subsection 1983, subsection 1985(3), Dkt. 1-4 ("Amended Complaint and Notice of Removal" or "Am. Compl. & Not. of Removal"). That same day, Plaintiff filed an application to proceed *in forma pauperis*. Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2 ("IFP Motion" or "IFP Mot."). On March 23, 2026, Plaintiff filed a motion for injunctive relief. *See generally* Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, Dkt. 4 to 4-1 ("OTSC").

Plaintiff's IFP Motion is granted. The Amended Complaint and Notice of Removal is dismissed with leave to file a second amended complaint.

**BACKGROUND**

Plaintiff's Complaint is a form complaint for a civil action. *See* Compl. Attached thereto is a "Notice of Removal," which appears to amend the form complaint submission and seeks to

remove to this Court a January 22, 2026, desk appearance ticket to answer a criminal charge from the Criminal Court of Queens County. *See* Am. Compl. & Not. Of Removal at 2[1]; *see also* Compl. at 8-14[2]; Desk Appearance Ticket, Dkt. 1-2 ("Desk Appearance Ticket" or "DAT"). To the extent that the Amended Complaint and Notice of Removal seeks to amend the Complaint, the Court treats it as a first amended complaint.[3]

Plaintiff names as defendants Joseph Curatolo ("Curatolo"), Ross Alsam ("Alsam"), all strawmen sheriffs on duty from rec[e]ipt no. 25-01335, and all strawmen of D.C.W.P. (collectively, "Defendants"). Compl. at 2-3. Plaintiff asserts there is federal question jurisdiction. *Id.* at 4. Plaintiff's form statement of claim lists his claims as "not[ice] of removal" and "[a]cting under the color of state law to willful[l]y abrogate [Plaintiff's federally] protected constitutional right, priv[ile]ges . . . 2 claims multiple actions" and directs the Court to refer to an attached paper supplementing his claims. *Id.* at 5. Plaintiff's submission appears to concern his January 2, 2026, arrest in Queens County at 41-25 Queens Boulevard by Defendant Joseph Curatolo. *See id.* at 8; DAT. He states that on January 2, 2026, Curatolo "illegally disseized, or ejected [him] out of [his] real property." Am. Compl. & Not. of Removal at 2. Purportedly, Plaintiff was arrested, and he claims that he "never manufactured consent," "granted jurisdiction to any acting officer on duty at the time of the arrest," was never "shown any paperwork of any kind," and was not disclosed with his *Miranda* rights. *Id.*

---

[1] Citations to the Amended Complaint and Notice of Removal refer to the automatically generated ECF pagination.

[2] Citations to the Complaint refer to the automatically generated ECF pagination.

[3] A plaintiff may amend its complaint once as a matter of course within 21 days of service or a responsive pleading. FED. R. CIV. P. 15(a). Thus, there having been no service or responsive pleading, the Court construes the Amended Complaint as the operative complaint. Further, the Court considers the facts as set forth in the Complaint and Amended Complaint because a *pro se* complaint is to be read liberally. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In his Amended Complaint and Notice of Removal, Plaintiff appears to bring claims under New York Real Property Actions and Proceedings Law ("RPAPL") Section 853; 28 U.S.C. § 1985 ("Section 1985"); 18 U.S.C. § 241 ("Section 241"); and 18 U.S.C. § 242 ("Section 242"). *See* Am. Compl. & Not. of Removal at 2-5.  Plaintiff also attaches a four-page article and an August 12, 2025 sixty-three-page opinion of the United States Court of Appeals for the Second Circuit, concerning New York's licensing of out-of-state cannabis operators. *See* Dkt. 1-3.  As damages, he seeks a preliminary injunction of "41-25 Queens Boulevard West, Sunnyside N.Y. Queens County 11104"[4]; monetary relief; treble damages; and punitive damages.  Compl. at 7.

Plaintiff's TRO Motion requests that defendants "not be enjoined from/to [a]djudicate clerical error in an action there in with in the confide statutes of limitations pursuant to the constitutional law there off."  OTSC at 2.  He represents that he "will suffer immediate and irreparable injury, loss and damage in that opposing [counsel's] ability to motion for removal based upon the merits that the title has been filed inappropriately, thus denying [him his] ability to pursue [his] request for remedy in this district court in an action they're in." *Id.*

## LEGAL STANDARDS

The Court reads the Plaintiff's Complaint liberally and interprets it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[4] Plaintiff does not address any factor of or provide any support for a claim for injunctive relief. *See Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (explaining that to succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor).

for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Pursuant to Federal Rule of Civil Procedure 8 ("Rule 8"), Plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.*  To satisfy this standard, a complaint must, at a minimum, "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).  A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Amended Complaint

Plaintiff appears to challenge his arrest and prosecution in New York State court. *See* Am. Compl. & Not. of Removal at 2.  However, his submission does not provide a legal basis for relief and does not identify whether such relief is within this Court's power to consider.  The

4

Desk Appearance Ticket states that Plaintiff was arrested on January 22, 2026, and charged with a violation of New York Penal Law § 140.10, criminal trespass in the third degree. *See* DAT. To the extent Plaintiff seeks to challenge New York State's authority to prosecute him and seeks the Court's intervention, the Court shall not intervene in an ongoing state criminal matter. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (collecting cases) (in general, federal courts should refrain from enjoining or otherwise interfering in ongoing state proceedings); *Shelley v. Gulotta*, 09-CV-4883 (NGG), 2010 WL 309011, at *1-2 (E.D.N.Y. Jan. 26, 2010) (applying *Younger* abstention because "there is an ongoing state criminal prosecution against Plaintiff," "that state proceeding implicates New York State's important interest in enforcing its own criminal laws," and "Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court").

Next, Section 1985 broadly prohibits conspiracies to violate civil rights. *See* 42 U.S.C. § 1985. To plead a Section 1985 claim, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; [and] (3) an act in furtherance of the conspiracy[,] (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Julian v. N.Y.C. Transit Auth.*, 857 F. Supp. 242, 252 (E.D.N.Y. 1994). A complaint that contains only "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" will not avoid dismissal. *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993). Plaintiff fails to provide a "short and plain" statement of his claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. Plaintiff's

5

Amended Complaint merely recites Section 1985 without associating any facts thereto. *See Am. Compl. & Not. of Removal at 4.* Thus, Plaintiff's Section 1985 claim, to the extent that it is alleged, is dismissed for failure to meet Rule 8's requirements.

Additionally, RPAPL Section 853 provides that "[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner . . .  he is entitled to recover treble damages in an action against the wrongdoer." N.Y. REAL PROP. ACTIONS & PROCS. LAW § 853. Beyond vague, unsupported, conclusory allegations, Plaintiff does not support his RPAPL claim with any facts, and it is dismissed for failure to state a claim for failure to meet Rule 8's standards.

Further, Sections 241 and 242 are provisions of the United States Criminal Code that criminalize civil rights violations. Generally, violations of the criminal code may not serve as the basis for a civil cause of action unless the criminal statute includes an express or implied private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). Sections 241 and 242 do not include an express private right of action, and no such right may be implied from the language of the statute. *See Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427, (2d Cir. 2011) (noting that "there is no private right of action under § 242" and "nothing in the language or structure of § 241 suggests that Congress intended to create a private right of action under that section"). Thus, Plaintiff's Section 241 and 242 claims, to the extent they are alleged, are dismissed for failure to state a cognizable claim for relief.

**B. Notice of Removal**

Plaintiff's Notice of Removal also does not comply with removal procedures or suggest any basis for removal. Liberally construed, Plaintiff's Notice of Removal is based on 28 U.S.C. § 1441. *See* Am. Compl. & Not. of Removal at 1-2. However, there does not appear to be a pending state court civil action between the parties named in the caption of this action that is subject to removal pursuant to 28 U.S.C. § 1441.

Additionally, to the extent that Plaintiff seeks to remove pursuant to 28 U.S.C. § 1442 and § 1443, these are separate provisions that provide for the removal of certain criminal prosecutions from state court, for which a basis is also lacking. That is, a removal of a criminal prosecution pursuant to 28 U.S.C. § 1443(1) must comply with the procedures in 28 U.S.C. § 1455, and it "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* Second, "it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 803 (1966)). Plaintiff fails to meet the procedural requirements of 28 U.S.C. § 1455 and the two-pronged test.

Thus, even liberally construing the filing in Plaintiff's favor, Plaintiff's allegations fail to state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, 22-cv-6692 (HG) (SJB), 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing a *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Plaintiff's Complaint must be dismissed in its entirety because, even when construed liberally, it fails to

meet Rule 8's pleading requirements or fails to state a claim under Rule 12(b)(6). Furthermore, to the extent that Plaintiff's Complaint is construed instead as a notice of removal, Plaintiff's Notice of Removal fails to meet the procedural requirements to remove a state criminal action to federal court. The action is therefore dismissed without prejudice.

### C. OTSC for Temporary Restraining Order and Preliminary Injunction

Pursuant to Federal Rule of Civil Procedure 65(b),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff's OTSC does not indicate that he made any efforts to give notice of his motion for a temporary restraining order to Defendants. Plaintiff also fails to show what "immediate and irreparable injury, loss, or damage" he will suffer that warrants an *ex parte* temporary restraining order. Indeed, the Court is unaware of what actions Plaintiff seeks to either enjoin or mandate and does not supply any facts supporting injunctive relief.[5] Accordingly, Plaintiff's OTSC is denied without prejudice.

---

[5] When a party seeks injunctive relief he movant must show that:

> (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.

*Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotations and citations omitted). If the party instead seeks to alter the status quo by commanding positive acts through a mandatory injunction "she must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citing *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). Therefore, the court should grant the requested relief "only upon a clear showing that the moving party is entitled to the relief requested . . . or where extreme or very serious damage will result from a denial of preliminary relief." *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *overruled on other grounds by O'Lone v. Est. of Shabazz*, 482 U.S. 342 (1987). Without a clear picture of what action Plaintiff seeks to enjoin or command, the Court is unable to discern any of the foregoing factors, including Plaintiff's likelihood of success on the merits.

8

**D.  Leave to Amend**

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).  Thus, the Court will allow Plaintiff to file a second amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure.  *Cruz v. Gomez*, 202 F.3d 593, 596-97 (2d Cir. 2000).

If Plaintiff chooses to file a second amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting the claim.  Plaintiff should describe what each named Defendant or Defendants did or did not do, and how each Defendant caused Plaintiff injury.  Plaintiff must also provide the dates and locations for each relevant event.  Finally, Plaintiff must set forth the remedy he seeks, such as money damages, injunctive relief, or declaratory relief.  Plaintiff is advised that a second amended complaint completely replaces his initial filings; therefore, all claims Plaintiff wishes to pursue must be in the second amended complaint.  Plaintiff must file either a second amended complaint following the foregoing procedures, or a notice of removal, following the procedures set forth in 28 U.S.C. § 1455.  He may not present a single submission that purports to be both.

## CONCLUSION

For the foregoing reasons, the Amended Complaint and Notice of Removal, filed *in forma pauperis*, is dismissed.  28 U.S.C. § 1915(e)(2)(B); FED. R. CIV. P. 8.  Plaintiff is granted thirty days to file a second amended complaint.  The second amended complaint will replace, not supplement, the original complaint, and must be captioned as "Second Amended Complaint" and include docket number 26-CV-332 (OEM).

9

Any second amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed.  If Plaintiff fails to file a second amended complaint within thirty days of the date of the entry of this order, judgment shall be entered.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

\_\_\_\_\_*/s/*_____
ORELIA E. MERCHANT
United States District Judge

April 1, 2026
Brooklyn, New York

10